## CITY COURT OF NEW YORK.

### VIRGINIA B. MATHEWS agt. MORRIS MATSON.

*Sheriff's fees — Code of Civil Procedure, section 3307, subdivision 7 — What is a settlement within the meaning of this section entitling sheriff to poundage.*

Where a sheriff levies upon property on execution and the execution is afterwards stayed, appeal taken and judgment affirmed, and defendant pays the amount thereof directly to the plaintiff's attorney:

*Held,* that such payment was a settlement within the meaning of section 3307, subdivision 7, of the Code of Civil Procedure, and that the sheriff was entitled to poundage and an allowance.

*Special Term, June,* 1884.

IN this case execution was duly issued to the sheriff of New York county against the property of the defendant, upon which a levy was accordingly made. Application for a stay to allow defendant time to make and perfect an appeal was made and granted. The appeal was subsequently argued, and

judgment affirmed. The defendant then proposed to pay to plaintiff's attorney the face of the judgment and interest, but declined to pay sheriff's fees, whose bill he demanded should be taxed.

On the argument it was contended on the part of the defendant that the sheriff had not collected anything, and, therefore, was not entitled to any fees. For the sheriff it was urged that he had done all that the process required, and the payment to the plaintiff's attorney was virtually a settlement under section 3307 of the Code.

*Edward J. Cramer*, for sheriff.

*William F. McRae*, opposed.

NEHRBAS, *J.* — The deputy swears that a levy was, in fact, made and a person kept in charge to preserve the property. The payment of the judgment was a settlement within the meaning of section 3307, subdivision 7 of the Code, entitling the sheriff to poundage and an allowance. The sheriff's expenses for a keeper was thirty dollars, which amount will be allowed him as a compensation. The bill is taxed at seventeen dollars and fourteen cents.